UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) MAYOR AND CITY COUNCIL OF ) OCEAN CITY, ) ) Defendant ) ) | Civil Action No. CCB-07-2520 |

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2008 MAY 15 A 11: 41
CLERK'S OFFICE
AT BALTIMORE
_____ DEPUTY

RECEIVED IN THE OFFICE OF
CATHERINE C. BLAKE
MAY 14 2008
UNITED STATES DISTRICT COURT

## CONSENT DECREE

This action was instituted by Plaintiff, the U. S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Mayor and City Council of Ocean City ("Defendant"), alleging that Defendant violated Section 4(a) of the ADEA, 29 U.S.C. § 623(a), by excluding Sergeant Kathleen Braeuninger, Sergeant Dale Marshall, and a class of similarly situated Sergeants, Lieutenants, and Captains at least forty years of age from training opportunities and failing to promote Sergeant Braeuninger, Sergeant Marshall, and a class of similarly situated Sergeants at least forty years of age to the rank of Lieutenant because of their age. The Defendant denies that it discriminated against Sergeant Braeuninger, Sergeant Marshall or any other employee on the basis of age.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to enter a Decree, which will resolve this action.

The Court has examined this Decree and finds that it is reasonable and just and in

accordance with the Federal Rules of Civil Procedure. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

Scope of Decree

1. This Decree resolves all issues and claims alleged in the Complaint filed by the Commission in this ADEA action which emanated from the Charges of Discrimination filed by Kathleen Braeuninger and Dale Marshall.

2. This Decree shall be in effect for a period of three years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. This Decree, being entered with the consent of the EEOC and Defendant, shall not constitute an adjudication or finding on the merits of the case.

Relief to Identified Claimants

4. Within fifteen business days of entry of this decree or Defendant's receipt of notification from the EEOC as to the identities of the claimants to be paid by Defendant, whichever is later, Defendant shall pay a total of no more than $40,000 under this Consent Decree, which amount represents lost wages. The total shall be distributed to claimants identified by the EEOC and the EEOC will instruct Defendant as to the amount to be distributed to each Claimant within ten (10) business days of the execution of this Consent Decree. Defendant will issue a W-2 to each of the identified claimants.

Injunctive Relief

5. Defendant, its officers, agents, servants, employees, successors, assigns, and all persons acting or claiming to act on their behalf are hereby enjoined from

ND: 4837-9196-4418, v. 1

discriminating against applicants and employees on the basis of age. Such discrimination violates the ADEA, which in part, is set forth below:

> It shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, privileges of employment, because of such individual's age;

29 U.S.C. § 623(a)(1).

6. Within 30 days of the entry of this Decree, Defendant shall implement and distribute to employees the amended General Order 500 A-3 attached as **Appendix A**.

7. During July 2008, Defendant's Human Resources Director shall be required to attend an EEOC Technical Assistance Seminar offered by the EEOC's Baltimore Field Office.

8. Within one hundred twenty (120) days from the date of entry of the Decree, all members of Defendant's City Council shall be required to attend a training program lasting at least two hours. The training shall cover the prevention of employment discrimination and compliance with federal anti-discrimination laws, with a particular emphasis on the prohibition against age discrimination, including harassment, and shall be conducted by an outside consultant or law firm approved by the EEOC. For the duration of the Decree, Defendant shall provide this same training to all newly elected City Council members. Within ten business days of providing each such training session, Defendant will furnish the EEOC with a signed attendance list, the date and duration of the training, an outline of the training conducted, and a certification of completion of the mandatory training. Defendant may use an audio-visual recording of the original training to satisfy the requirement that it similarly train newly elected council members for the duration of the Decree.

9. Within one hundred twenty (120) days from the date of entry of the Decree,

ND: 4837-9196-4418, v. 1

Defendant's City Manager, Chief of Police and all members of Defendant's Police Department's Command Staff shall be required to attend a training program lasting at least four hours. The training shall cover the prevention of employment discrimination and compliance with federal anti-discrimination laws, with a particular emphasis on the prohibition against age discrimination, including harassment, and shall be conducted by an outside consultant or law firm approved by the EEOC. For the duration of the Decree, Defendant shall provide this same training to all newly hired or appointed City Council members. Within ten business days of providing each such training session, Defendant will furnish the EEOC with a signed attendance list, the date and duration of the training, an outline of the training conducted, and a certification of completion of the mandatory training. Defendant may use an audio-visual recording of the original training to satisfy the requirement that it similarly train newly hired or appointed command staff members for the duration of the Decree.

10. Within one hundred twenty (120) days from the date of entry of the Decree, all non-Command staff members within Defendant's Ocean City Police Department shall be required to attend a training program lasting at least two hours. The training shall cover the prevention of employment discrimination and compliance with federal anti-discrimination laws, with a particular emphasis on the prohibition against age discrimination, including harassment, and shall be conducted by an outside consultant or law firm approved by the EEOC. For the duration of the Decree, Defendant shall provide this same training to all newly hired non-Command, non-seasonal staff members within three months of their hire or promotion. Within ten business days of providing each such training session, Defendant will furnish the EEOC with a signed attendance list, the date and duration of the training, an outline of the training conducted, and a certification of

completion of the mandatory training. Defendant may use an audio-visual recording of the original training to satisfy the requirement that it similarly train all newly hired non-Command, non-seasonal staff members for the duration of the Decree.

Seasonal staff will receive instruction in a roll call or other meeting regarding the basics of discrimination and the complaint avenues available pursuant to the Town and police department policies.

11. Within thirty days from the date of entry of this Decree, Defendant will post the Notice attached hereto (**Appendix B**) in all places where notices to employees of the Ocean City Police Department are customarily posted. The Notice shall be posted and maintained for the duration of the Decree and shall be signed by the Chief of Police, with the date of actual posting shown thereon. In the event that there is a change in Chief of Police during this time period, a revised Notice signed by the new Chief of Police will be posted, and the EEOC will receive written notification of same. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as heretofore specified. Within thirty (30) calendar days of entry of the Decree, Defendant shall forward to the EEOC's Baltimore District Office, a copy of the signed Notice and written certification that the Notice referenced herein has been posted and a statement of the locations and dates of posting.

12. Within 15 days of the entry of this Decree, Defendant will display and maintain the EEOC poster in each of its facilities in a place visually accessible to applicants and employees of Defendant.

13. Within 15 days of execution of this decree, Defendant's Chief of Police will distribute a memorandum to all employees within the Ocean City Police Department

ND: 4837-9196-4418, v. 1

emphasizing Ocean City Police Department's commitment to abide by all federal laws prohibiting employment discrimination, including laws prohibiting age discrimination, a copy of which is annexed as **Appendix C**.

## Reporting

14.   Every six months following the entry of this Consent Decree, and continuing throughout the life of the Decree, Defendant will report in writing to the Commission's counsel of record concerning the implementation of this Decree. The report will include the following information: Copies of any formal or informal complaints of age discrimination made by any employee of the Ocean City Police Department, including but not limited to internal complaints, administrative charges, and lawsuits, and for every complaint, whether oral or written, the name of the complainant, and a detailed explanation of Defendant's actions taken in response to the complaint, including any investigative and corrective measures taken.

15.   The Commission and Defendant shall bear their own costs and attorneys' fees.

## Non-Admission

16.   The Parties agree that neither this Consent Decree, nor any of the actions taken pursuant to this Consent Decree, shall constitute or be construed as an admission of any wrongdoing of any kind by either party.  This Consent Decree shall not be used as evidence in any proceeding other than one arising out of this Consent Decree.

17.   The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

| FOR DEFENDANT: | FOR PLAINTIFF: |
|---|---|
| _____/s/_____ | Ronald S. Cooper |
| Suzzanne W. Decker, Esq. | General Counsel |
| Kathleen Pontone, Esq. | |
| (signed by Maria Salacuse with permission of | _____/s/_____ |
| Suzzanne W. Decker and Kathleen Pontone) | Jacqueline McNair |
| MILES & STOCKBRIDGE PC | Regional Attorney |
| 10 Light Street | |
| Baltimore, Maryland 21202-1487 | |
| | _____/s/_____ |
| | Debra M. Lawrence |
| | Supervisory Trial Attorney |
| | |
| | _____/s/_____ |
| | Maria Salacuse |
| | Senior Trial Attorney |
| | EQUAL EMPLOYMENT |
| | OPPORTUNITY COMMISSION |
| | Baltimore Field Office |
| | 10 S. Howard Street, 3d Floor |
| | Baltimore, MD 21201 |

**SO ORDERED.**

Signed and entered this 15 day of _____May_____, 2008.

_____
United States District Court Judge
Catherine C. Blake

ND: 4837-9196-4418, v. 1